UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application of FIMI-FINANZIARIA : Case No. _____
IMMOBILIARE ITALIA S.R.L. and FINAB 43 :
S.R.L. IN LIQUIDAZIONE, :
:
                 Petitioners, :
:
for an order to conduct discovery for use in a :
foreign proceeding. :

---

## DECLARATION OF CINO RAFFA UGOLINI

     I, CINO RAFFA UGOLINI, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     1.     I am a legal practitioner admitted to practice law under the laws of Italy. I am also admitted to practice law in the State of New York as counsellor and attorney at law, and I am a fluent speaker of the English language. I am a principal of the Milan, Italy-based law firm of CREA & Partners, which has offices located at Via Amedei, 15, 20123 Milano, Italy. I have practiced in the area of commercial disputes and litigation since 1986. I make this declaration in support of the Ex Parte Application by FIMI-Finanziaria Immobiliare Italia s.r.l. and FINAB 43 s.r.l. in liquidazione (together here, "Petitioners") for an Order Under 28 U.S.C. § 1782 to Issue Subpoenas for Documents and the Taking of Depositions for Use in a Foreign Proceeding.

     2.     The discovery sought from the discovery targets is intended solely for use in a proceeding that is imminently to be filed in an arbitration proceeding governed by the rules of civil procedure in Italy before a sole arbitrator to be appointed by the President of the Court of

civil procedure in Italy before a sole arbitrator to be appointed by the President of the Court of Milan in compliance with Italian law, arbitration provided for by the By-laws of 400 Fifth Avenue Holding SpA (the "Italian Action"). Specifically, Petitioners seek an order from this Court authorizing its counsel to obtain documents and conduct depositions in this District of certain individuals identified below who reside or can be found in this District.

3. Along with Alfredo Talenti of De André Studio Legale, I am lead counsel for Petitioners in the pursuit of certain claims to be brought in the Italian Action. I am familiar with the facts set forth herein based upon my personal knowledge, my legal education and experience, and my representation of the Petitioners. If called as a witness, I could and would testify to the same as stated herein.

4. To the extent that I refer in this declaration to matters over which my clients have the benefit of a claim for legal professional privilege, I do not intend to waive that privilege, nor do I have instructions to waive that privilege.

5. Petitioners are shareholders of 400 Fifth Avenue Holding S.p.A., an Italian holding company that was established for the purpose of developing real estate on Fifth Avenue in New York City. The causes of action at the heart of the Italian Action are claims of breaches of fiduciary duty against the members of a corporate board of directors and board of statutory auditors for alleged misconduct arising from alleged self-dealing, misappropriation and fraud by executives of the corporation. These claims arise from the collapse of the investment in the property on Fifth Avenue, and the claim by the company that shareholders' equity is now worthless. The claim is a director's liability suit provided by Italian law and it is brought against the members of the Board of Directors and of the Board of Statutory Auditors by the shareholder(s), who have been directly damaged by the gross negligence of these corporate

bodies. More precisely, the claimants allege that the CEO Davide Bizzi (one of the largest shareholders of 400 Fifth Avenue Holding S.p.A.) is the beneficial owner of several U.S. companies, including Bizzi & Partners Development LLC, who carried out different activities on behalf of 400 Fifth Avenue Holding S.p.A. and its U.S. subsidiaries, causing serious damages to the Petitioners, who have been induced to invest in 400 Fifth Avenue Holding S.p.A., by Mr. Bizzi. The activities in question entail conflict of interests, self-dealing and misappropriation of corporate opportunities to the benefit of the U.S. companies headed by Mr. Bizzi. As a result of these actions carried out by the CEO Dr. Bizzi and his alleged accomplices, as officers of both the Italian holding company and the US subsidiaries, 400 Fifth Avenue Holding S.p.A. is now in liquidation and has lost all of its corporate capital. Thus, the shareholders, including the Petitioners, have lost their investment in the Italian holding company. Mr Bizzi resigned as Chairman and CEO of 400 Fifth Avenue Holding S.p.A. in June 2014. According to Italian law, the new members of the corporate bodies are obliged to investigate and bring action against the directors and auditors responsible of any misconduct that has caused damages, particularly if those actions and omissions have been denounced or questioned by the shareholders. The failure on the part of the corporate bodies to take any appropriate action to investigate the alleged misconduct and to seek a remedy for any inappropriate behavior of their predecessors is *per se* a breach of fiduciary duty.

6. The defendants in the Italian Action are presently expected to be: Davide Bizzi, and the following new members of the corporate bodies who did not investigate and did not bring action: Giovanni Maria Conti, Luigi Reale, Nicola Cinelli, Carlo Tavormina, Alex Perrucci, Roberto Parigi, Francesco Indiveri and Enrico Chiapparoli. In conformity with the practice in Italy, my office has delivered a letter before the commencement of the Italian Action

to the foregoing defendants. The letter, a copy of which is annexed hereto as Exhibit 1, formalizes the notice of the anticipated filing of the claim in the Italian arbitration.

7. As noted above, the real estate development was conducted in the United States and was undertaken by several United States-based entities, incorporated in Delaware, with their principal offices in New York City. None of these entities is a defendant in the Italian Action. These U.S. domiciled discovery targets are: (1) 400 Fifth Avenue Corp.; (2) 400 Fifth Mezz LLC; (3) 400 Fifth Realty LLC; (4) 400 Fifth Management LLC; (5) 400 Fifth Hotel Group LLC; (6) 400 Fifth Restaurant Group LLC; and (7) Bizzi & Partners Development LLC, all of which can be served at 55 East 59th St., 24th Floor, New York, NY 10022 or c/o National Registered Agents, Inc., 28 Liberty St., New York, NY 10005. In addition, by this application, petitioners seek testimony from the following U.S.-domiciled individuals associated with some or all of the foregoing entities: Giuseppe Rossi, Andrus Laurits and Steven Della Salla, each of whom, upon information and belief, maintains an office at the same 55 East 59th St. location identified above.

8. The documents sought, as reflected in the proposed document requests attached to proposed subpoenas that are annexed hereto as Exhibit 2-11 all relate to the disputed transactions or other matters that form the basis of the claims in the Italian Action. In particular, the document requests seek specific categories of documents relating to five distinct areas: (1) a project management or "PMA Contract" dated 10 October 2006 between Davide Bizzi as Managing Director of 400 Realty and Giuseppe Rossi, as Executive Vice President of Bizzi Partners LLC; (2) Sales management and marketing of 400 Fifth Avenue properties; (3) A settlement with Honua Fifth Avenue LLC and possibly related Honua-related entities (the "Honua Settlement") – this is a settlement of a dispute between 400 Realty and the Korean

company Honua which was supposed to acquire the hotel built at 400 Fifth Avenue for approximately $300 million; the deal fell apart because the purchaser found material deficiencies in the construction and a settlement ensued; (4) Two specific payments from 400 Realty to certain related parties; and (5) certain IRS tax penalties or other negative tax decisions incurred by 400 Realty. This proposed discovery is intended solely for purposes of use by Petitioners in the Italian Action. A reasonable effort has been undertaken to specify the descriptions of the documents being sought, as a review of the document requests makes clear. From the above documents we expect to gather evidence of the self-dealing and misappropriation that forms the basis of the claims in the Italian Action. The contracts entered into between the U.S. subsidiaries of 400 Fifth Avenue Holding S.p.A. and the U.S. companies belonging to Mr. Bizzi should have disclosed the inherent conflict of interests and should have been performed with fairness, it is alleged. Based on the investigations of the Petitioners and the documents that they have provided, among other things, we have reason to believe that all said contracts favored the U.S. companies belonging to Mr. Bizzi to the detriment of the U.S. subsidiaries of 400 Fifth Avenue Holding S.p.A. For example, notwithstanding the termination of the real estate deal with the Korean partner Honua and the loss of profits for 400 Realty, the latter company paid a commission of $2,300,000 to Bizzi & Partners LLC.

9. Below I explain the expected relevance of the information that might be obtained from the proposed deponents which could assist petitioners to better understand their case for purposes of any conciliation or mediation and/or to obtain a favorable judgment at the trial of the Italian Action.

10. Proposed deponents Giuseppe Rossi, Andrus Laurits and Steven Della Salla are each individuals found in this District. Each of them was a director of 400 Fifth Avenue Corp

and an Officer of 400 Fifth Mezz LLC and 400 Realty during some or all of the relevant time period. It is believed that his testimony on matters relating to the contractual relationships between those companies and Bizzi & Partners Development LLC would materially assist petitioners in the development and understanding of their claims and in the valuation of the damages resulting from any misconduct.

11. I am aware of no Italian law that would preclude the use of information obtained by this application either in the development of our understanding of the case or in the submission of any information or material obtained in the Italian Action.

12. I intend to advise counsel for the defendants in the Italian Action that petitioners have brought the instant Application not later than the next business day after the filing of this Application.

I declare on this 19th day of December, 2019, in Milan, Italy, under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

_____
Cino Raffa Ugolini